UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


DANNY P. LAMBERT, ET AL

VERSUS

LIBERTY MUTUAL FIRE INSURANCE
COMPANY

CIVIL ACTION

NUMBER 13-23-BAJ-SCR


### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, March 19, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DANNY P. LAMBERT, ET AL

VERSUS

LIBERTY MUTUAL FIRE INSURANCE
COMPANY

CIVIL ACTION

NUMBER 13-23-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion to Remand filed by plaintiffs Danny P. and LaDonna Lambert. Record document number 7. The motion is opposed by defendant Liberty Mutual Fire Insurance Company.[1]

Based on the applicable law and the analysis which follows, the Motion to Remand should be denied.

**Background**

Plaintiffs Danny P. and LaDonna Lambert filed a Petition for Damages against defendant Liberty Mutual in state court. Plaintiffs alleged that the defendant insured their home and its contents under a homeowner's policy and that a fire severely damaged the home and their personal property on September 6, 2010. Plaintiffs further alleged that despite receiving multiple satisfactory proofs of loss and damages resulting from the fire, the defendant failed to timely and fully pay the plaintiffs'

---

[1] Record document number 9.

undisputed damages and losses.[2] In paragraph IX of the Petition the plaintiff alleged the following non-exclusive list of damages and losses: (1) uncompensated damages to petitioners' immovable and movable property; (2) uncompensated and/or resultant additional living expenses; (3) financial losses; (4) mental anguish and emotional distress; and, (5) other damages reasonable upon the premises, to be proven at trial.  Several other paragraphs of the petition also contained allegations pertaining to alleged damages.[3]

In addition to their claim for damages for breach of contract, the plaintiffs also alleged claims for violation of defendant's statutory duties under LSA-R.S. 22:1973 (formerly, 22:1220), and LSA-R.S. 22:1892 (formerly, 22:658).  For the alleged violation of the duty of good faith and fair dealing under LSA-R.S. 22:1973 the plaintiff sought general damages for mental anguish and emotional distress, special damages for financial losses, and statutory penalties not to exceed two times the damages sustained or $5,000, whichever is greater.[4]  In addition to their losses, the plaintiff sought statutory penalties of 50 percent of the amount found to be due from the defendant or $1,000, whichever is greater, under LSA-

---

[2] Record document number 1-2, Petition for Damages, ¶ VIII.

[3] *Id.*, ¶¶ VIII, XI, XXVI.

[4] *Id.*, ¶¶ XIV, XVI, XVII.

R.S. 22:1892, and reasonable attorney's fees and costs.[5]

Defendant removed the suit on January 10, 2013 based on diversity jurisdiction.[6] Defendant alleged that it was not facially apparent from the initial petition that the amount in controversy was met, and its removal was triggered by an "other paper" they were served with on December 11, 2012 - specifically, the plaintiffs' answers to interrogatories, which for the first time indicated that the plaintiffs were seeking damages in excess of $75,000.[7] Defendant alleged that its removal is timely because it filed the Notice of Removal within 30 days after the defendant was served with the plaintiffs' answers to interrogatories.

Plaintiffs moved to remand based on the argument that the defendant's removal was not timely under 28 U.S.C. § 1446(b)(1). Plaintiffs argued that the removal was untimely because it was apparent from the Petition and pre-litigation correspondence that

---

[5] *Id.*, ¶¶ XXIII.  Two remaining paragraphs at the end of the Petition also generally prayed for the same types of damages sought in the paragraphs already cited, i.e. general and specific damages, financial losses, emotional pain and suffering, penalties, attorney's fees, costs and interest, unpaid losses and damages that are covered.  ¶¶ XXVI, XXIX.

[6] Plaintiffs are alleged to be Louisiana citizens and Liberty Mutual is incorporated and has its principle place of business in Massachusetts.

[7] Record document number 1, Notice of Removal, ¶¶ 3, 12-15; record document number 1-3, Exhibit C, p. 5, Answer to Interrogatory No. 8 ("... the repairs to the Plaintiffs' home have cost them in excess of $200,000.00, and there still remain additional dwelling-related items to repair/replace.")

the amount in controversy exceeded $75,000, and the defendant failed to remove within 30 days after service of the Petition.

## Applicable Law

Although the plaintiffs' motion is based on the argument that the removal was untimely, the untimeliness argument is based on the plaintiffs' contention that the case was removable when the Petition was filed because it was facially apparent that their claims exceeded $75,000. Therefore, the relevant law is not only the law applicable to § 1446 (b)(1) and (3), but also the law applicable to determining the amount in controversy.

Because plaintiffs in Louisiana state courts may not plead a numerical value of claimed damages,[8] the Fifth Circuit has established a framework for resolving disputes over the amount in controversy for actions removed based on diversity jurisdiction from Louisiana courts. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d

---

[8] Louisiana Civil Code article 893(A)(1) provides that while no specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand, "if a specific amount of damages is necessary to establish...the lack of jurisdiction of federal courts due to insufficiency of damages,...a general allegation that the claim exceeds or is less than the requisite amount is required."
   Plaintiffs did not allege that their claim was for less than the required jurisdictional amount. While this factor supports finding that the plaintiffs' claims are not for less than the amount required for diversity jurisdiction, it is not determinative and is considered in light of other evidence. See, *Weber v. Stevenson*, 2007 WL 4441261 *2 (M.D. La. Dec. 14, 2007); *Joseph v. State Farm Mut. Auto. Co.*, 2011 WL 2899127 (E.D. La., July 18, 2011).

4

880, 882-83 (5th Cir. 2000). In such cases, the removing defendant must show, by a preponderance of the evidence, that the jurisdictional amount is satisfied in one of two ways: (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000; or, (2) by setting forth facts - preferably in the removal petition, but sometimes by affidavit - which support finding that the required amount is present. *Id.*; *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002), *cert. denied*, 538 U.S. 945, 123 S.Ct. 1634 (2003).[9]

---

[9] See also 28 U.S.C. § 1446(c)(2) (considering state practice for pleading a specific sum of damages for purposes of evaluating a defendant's assertion of the amount in controversy in notice of removal). 28 U.S.C. § 1446(c), as amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub.L. No. 112-63, 125 Stat. 758 (2011), provides:
> If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that-(A) the notice of removal may assert the amount in controversy if the initial pleading seeks-(I) nonmonetary relief; or (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446(c)(2); *Washington-Thomas v. Dial America Marketing, Inc.*, 2012 WL 5287043 (W.D. Tex. Oct. 23, 2012); *Firmin v. Richard Const., Inc.*, 2012 WL 5332998 (E.D. La. Oct. 26, 2012) (new provision of § 1446 is consistent with the Fifth Circuit approach in requiring that the removing defendant prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 when plaintiffs do not request a specific amount in
(continued...)

Whatever the manner of proof, the jurisdictional facts that support removal must be judged at the time of removal. *Gebbia*, 233 F.3d at 883. If at the time of removal it is facially apparent from the petition that the amount in controversy exceeds $75,000, post-removal affidavits, stipulations and amendments reducing the amount do not deprive the court of jurisdiction. *Id.; Asociacion Nacional de Pescadores a Pequena Escalal O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685 (1994). However, post-removal affidavits may be considered in determining the amount in controversy if the basis for jurisdiction is ambiguous at the time of removal. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *Grant*, 309 F.3d at 869; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586 (1938).

The timing of removal is governed by 28 U.S.C. § 1446(b), which sets forth the general rule in the first paragraph:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by

---

[9](...continued)
damages).

the defendant, through service or otherwise, of a copy of
the initial pleading setting forth the claim for relief
upon which such action or proceeding is based, or within
thirty days after the service of summons upon the
defendant if such initial pleading has then been filed in
court and is not required to be served on the defendant,
whichever period is shorter.

If the case stated in the initial pleading is not removable, then under 28 U.S.C. § 1446(b)(3):

[A] notice of removal may be filed within 30 days after
receipt by the defendant, through service or otherwise,
of a copy of an amended pleading, motion, order or other
paper from which it may first be ascertained that the
case is one which is or has become removable.

Also relevant to subsection (b)(3) is the following subsection, 28 U.S.C. § 1446(c)(3)(A):

If the case stated by the initial pleading is not
removable solely because the amount in controversy does
not exceed the amount specified in section 1332(a),
information relating to the amount in controversy in the
record of the State proceeding, or in responses to
discovery, shall be treated as an 'other paper' under
subsection (b)(3).

**Analysis**

Plaintiffs argued the case was initially removable because the allegations of their Petition, and the information contained in the Notice of Removal as well as a December 30, 2010 personal property worksheet,[10] show that the defendant was aware that their claim exceeds $75,000.  Plaintiffs pointed out the defendant alleged in its Notice of Removal that its records showed that it

---

[10] Record document number 7-1, Exhibit A.

7

paid $87,157.91 under dwelling coverage,[11] and the worksheet indicated that the defendant had previously paid $57,052.46 for contents losses, with a remaining loss amount of $10,483.70. Plaintiff argued that since these three amounts total $154,694.07, the alleged 50 percent penalty under LSA-R.S. 22:1892, plus attorney's fees and costs and other amounts owed under the policy, easily exceed $75,000. Based on these facts, the plaintiffs argued the defendant cannot claim that until it received their December 11, 2012 discovery responses it was unaware that their bad faith claim alone was for more than $75,000. Therefore, plaintiffs argued, the removal was not timely.

Plaintiffs' arguments are unpersuasive. Essentially for the reasons explained by the defendant, it was not facially apparent from the Petition and pre-litigation correspondence, along with the alleged bad faith claim under LSA-R.S. 22:1892, that the amount in controversy was satisfied.

It is evident from a review of the Petition, and in particular the allegations cited above, that the plaintiffs' allegations did not quantify any of the losses, damages or penalties sought under Louisiana law. Thus, the plaintiffs' argument that the necessary amount in controversy is facially apparent from the allegations in their Petition is entirely unsupported. Nor did the plaintiffs submit any correspondence which they claimed demonstrates the

---

[11] Record document number 1, Notice of Removal, ¶ 18.

defendant's awareness that the amount in controversy was more than $75,000 at the time the Petition was filed.

Plaintiffs' argument based on the bad faith claim they alleged under LSA-R.S. 22:1892 is somewhat more complex, but it is also unconvincing. As stated in the statute and alleged by the plaintiffs in paragraph 23, the 50 percent penalty is determined based on the amount due the plaintiffs which the defendant failed to pay.[12] Therefore, the plaintiffs' calculation of the possible penalty based on the defendant's pre-suit knowledge of the amounts it already paid for damage to contents ($67,536.16) and the

---

[12] The relevant part of LSA-R.S. 22:1892 (formerly LSA-R.S. 22:658) states as follows:
> A. (1) All insurers issuing any type of contract, other than those specified in R.S. 22:1811, 1821, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest.
> ...
> B. (1) Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim, as provided in Paragraphs (A)((1) and (4) of this Section, respectively, ...when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, **of fifty percent damages on the amount found to be due from the insurer to the insured**, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs. (emphasis added).

dwelling ($87,157.91), is not a basis to find that the defendant should have known from the Petition that the plaintiffs were at least seeking one-half of the total amount already paid, namely $77,347.03.

However, when the plaintiffs answered the interrogatories and asserted that the repairs to their home had already cost them more than $200,000, and there were dwelling-related items still needing repair, the defendant knew then that at least the plaintiffs were seeking to recover the remainder of the policy dwelling limit of $172,000, namely $84,842.09 .[13]  This difference satisfied the jurisdictional amount.  Therefore, the Notice of Removal was timely because it was filed within 30 days after December 11, 2012, the date on which the defendant was served the plaintiffs' discovery responses.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Motion to Remand filed by plaintiffs Danny P. and LaDonna Lambert be denied.

Baton Rouge, Louisiana, March 19, 2013.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[13] Record document number 1-3, Exhibit D, Homeowner Policy Summary.  Subtracting the $87,157.91 already paid by the defendant for dwelling damages from the coverage limits of $172,000 showed the plaintiffs were at least seeking recovery of $84,842.09.