UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


DANNY P. LAMBERT, ET AL

CIVIL ACTION

VERSUS

NUMBER 13-23-BAJ-SCR

LIBERTY MUTUAL FIRE
INSURANCE COMPANY


## RULING ON MOTION TO COMPEL DISCOVERY

Before the court is Liberty Mutual Fire Insurance Company's Motion to Compel Discovery.  Record document number 13.  The motion is opposed.[1]

Plaintiffs filed suit in state court against their homeowner's insurer, Liberty Mutual, alleging that the company breached its contract by failing to fully and timely pay for losses sustained when a fire severely damaged their home and personal property on September 6, 2010.  In another case removed to this court, *Danny Lambert, et al v. Reckitt Benckiser Inc., et al*, Civil Action No. 12-495-BAJ-SCR ("CV 12-495"), the plaintiffs filed a suit based on state products liability law against the manufacturers of the product which allegedly caused the fire.  This latter suit was dismissed by stipulation after the parties settled their claims.[2] The present discovery dispute arises out of the plaintiffs' refusal

---

[1] Record document number 15.  Liberty Mutual also filed a reply memorandum.  Record document number 19.

[2] *Id.*, record document numbers 9-11.

to produce the settlement agreement and other documents and information produced and/or related to that suit.[3] Plaintiffs did not contend that the document requests are not relevant. Plaintiffs argued that they are legally precluded from disclosing the documents and information because of the confidentiality and non-disclosure provisions of the settlement agreement. Plaintiffs also argued that the documents and information are more easily and readily obtained through a records subpoena to Leviton Manufacturing Co., Inc.[4]

Plaintiffs claim that the settlement release requires them to refuse to provide the documents unless they are ordered to do so by a court or governmental authority. This confidentiality objection is entirely unsupported. Plaintiffs failed to provide the precise terms of the confidentiality provision, or a redacted version of the settlement agreement, that they are relying upon to support this objection. Without this information the court cannot determine whether the objection is valid. Moreover, it is highly unlikely that a settlement agreement in a case asserting claims like those brought in CV 12-495 would contain a confidentiality provision which encompasses all of the documents sought by the defendant. But should this one have done so, it was incumbent on

---

[3] Record document number 13-2, Exhibit G, Plaintiffs' Responses to Liberty Mutual Fire Insurance Company's Second Set of Requests for Production of Documents.

[4] Record document number 15-2, Exhibits B and C.

2

the plaintiffs to establish that fact.

Plaintiffs' argument that the defendant could more easily get the documents from Leviton is completely unpersuasive.   It is easier, and less costly, to move to compel a party to produce discoverable documents than to bring a motion to compel against a non-party in another jurisdiction.[5]

The requested documents are relevant and the plaintiffs' confidentiality objections are unsupported.   The documents must be produced within 14 days, without objections.[6]

Although an award of reasonable expenses under Rule 37(a)(5) would be appropriate, Liberty Mutual did no seek an award of expenses.   Therefore, expenses will not be awarded.

Accordingly, Liberty Mutual Fire Insurance Company's Motion to Compel Discovery is granted.   Plaintiffs Danny and Ladonna Lambert shall produce for inspection and copying all documents responsive to Liberty Mutual's January 30, 2013 Second Set of Requests for

---

[5] According to the Notice of Removal filed in CV 12-495, Leviton has its principal place of business in Melville, New York. To compel Leviton to produce the documents would have required the defendant to apply to the appropriate federal court in New York for an order compelling production.   See Rule 37(a)(2)("A motion for an order [compelling discovery] to a nonparty must be made in the court where the discovery is or will be taken ...")

[6] Plaintiffs did not move for a protective order.   See Rule 26(c), Fed.R.Civ.P., ("A party ... from whom discovery is sought may move for a protective order in the court where the action is pending ...")

Production,[7] without objections, within 14 days.  The production

shall occur notwithstanding the absence of a protective order.

Baton Rouge, Louisiana, July 24, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[7] Record document number 13-2, Exhibit B.