UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DANNY P. LAMBERT, ET AL

VERSUS

LIBERTY MUTUAL FIRE INSURANCE
COMPANY

CIVIL ACTION

NUMBER 13-23-BAJ-SCR

## RULING ON MOTION TO COMPEL

Before the court is the Plaintiff's Motion to Compel Depositions and Production of Un-Redacted Documents. Record document number 26. The motion is opposed.[1]

Plaintiffs Danny and LaDonna Lambert sued defendant Liberty Mutual Fire Insurance Company to recover additional amounts for damage to their home and its contents as a result of a fire that occurred on September 6, 2010. Plaintiffs also alleged claims under state law for the defendant's alleged violation of the duty of good faith and fair dealing, under LSA-R.S. 22:1973, and its bad faith, under LSA-R.S. 22:1892. Plaintiffs moved for an order to compel the defendant to cooperate with their request for the defendant to provide contact information and depose adjusters Roy Burns and Ernie Pounders, and to produce portions of its claim file without redacting pre-litigation claim notes or claim expense reserve information. Plaintiffs' motion is resolved as follows.

---

[1] Record document number 27.

**Contact Information and Depositions of Burns and Pounders**

Burns and Pounders were contents and dwelling adjusters assigned to the plaintiffs' claim. On September 5, 2013, plaintiffs' counsel sent a letter requesting dates to schedule their depositions.[2] Defendant informed the plaintiffs that these adjusters no longer worked for it, but it would request their last known contact information and attempt to schedule their depositions. Plaintiffs noted that in a later telephone conversation between counsel, it was agreed that the defendant would have until September 26, 2013 to locate the two former adjusters and provide dates for their depositions, and if the defendant was unable to accomplish to so by that date, then the plaintiffs requested that the defendant provide them with the adjusters' last known contact information. According to the plaintiffs, the defendant has so far refused to provide this information. Plaintiffs requested that the defendant be compelled to produce any and all contact information it has for Burns and Pounders and cooperate in taking their depositions.

In its opposition memorandum the defendant noted that the plaintiffs had the claim file identifying Burns and Pounders for more than three months, but waited until September 6 to make their request. Defendant stated that it was not able to obtain the information and schedule the depositions before the October 1, 2013

---

[2] Record document number 26-3, Exhibit 1.

fact discovery deadline,[3] so it is too late now for these depositions to be taken.  Defendant argued that the court should deny the plaintiffs' request to order it to cooperate in allowing the plaintiffs to depose its former employees because taking their depositions would amount to an extension of the time for fact discovery, which the court has already denied.  Furthermore, the defendant argued that the plaintiffs are not prejudiced because they have already taken a lengthy corporate deposition, questioning its representative on every step in the adjustment of the claim; and they also deposed Tracey Burks, who is one of the contents claim adjusters, for several hours.

Insofar as the plaintiffs argued that the defendant should be ordered to cooperate in scheduling the depositions of its former employees Burns and Pounders, the plaintiffs' position is unsupported.  As noted by the defendants, the period for fact discovery has expired and the plaintiffs have not established good cause to extend it to take these depositions. Nevertheless, if the defendant possesses any last known contact information for its former employees, it should provide that information to the plaintiffs.  Therefore, the defendant will be given a date to provide the contact information or state that it does not have any such information to produce.

---

[3] Record document number 12, Scheduling Order, item A.

**Redacted Claim Notes and Claim Expense Reserves**

Plaintiffs also moved to compel the defendant to produce the pre-litigation[4] claim handling notes and claim expense reserve information that was redacted on Bates numbered pages 56 through 132. Plaintiffs argued this information is relevant to its bad faith claims. In its opposition, the defendant stated that is has now produced unredacted copies of four of the pages containing redacted pre-litigation claim notes, and the only pages remaining in dispute are LM-Lambert 85 and 86.[5] Defendant maintained its objection as to these pages based on work product protection, explaining that the notes were prepared when it mistakenly believed the claim was in litigation. Defendant also maintained that it properly redacted the claim expense reserve information because it has no relevance to the plaintiffs' allegation that it handled/denied their claim in bad faith.

With regard to the pre-litigation claim notes, the defendant's argument is supported by its privilege log and the surrounding entries.[6] Therefore, as to the redacted information remaining in dispute found on LM-Lambert 85 and 86, the plaintiffs' motion will not be granted. Similarly, there is no basis to compel the

---

[4] Plaintiffs filed this suit on September 6, 2012.

[5] Record document number 27, Defendant's Opposition Memorandum, p. 3.

[6] Record document number 26-4, pp. 30-31.

4

defendant to produce unredacted records that reflect the defendant's claim expense reserve, which the reserve set to cover the fees and costs of the litigation. Plaintiffs failed to explain how this information is reasonably calculated to lead to admissible evidence relevant to their bad faith claim.

Accordingly, the Plaintiff's Motion to Compel Depositions and Production of Un-Redacted Documents is granted in part. Defendant Liberty Mutual Fire Insurance Company shall produce to the plaintiffs, within 10 days, the last known contact information it has for Ernie Pounders and Roy Burns, or a statement that it does not possess this contact information. The remaining aspects of the plaintiffs' motion are denied.

Under Rule 37(a)(5), the parties shall bear the respective costs incurred in connection with this motion.

Baton Rouge, Louisiana, November 22, 2013.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

5